Leonard R. Berman
9220 SW Barbur Blvd., Suite 119, Box 180
Portland, OR 97219
(503) 516-3715
OSB # 96040
Easyrabbi@yahoo.com
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | | |
|---|---|---|
| TAMARA FULMER, | : | Case No. 3:25-105 |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| | : | COMPLAINT |
| v. | : | |
| | : | |
| COLUMBIA COUNTY, | : | |
| BRIAN PIXLEY, Personally, | : | |
| WELLPATH, LLC,, | : | |
| MARILYN CADE, RN, Personally, | : | |
| NANCY RONAN, DNP, Personally, | : | |
| SARA FOTO, MHP, Personally, | : | |
| RN MCADERN, Personally, | : | |
| JOHN/JANE DOES 1-5, Personally, | : | |
| | : | |
| | : | |
| DEFENDANTS. | : | |

Plaintiff demands a jury trial and alleges:

/

/

/

/

Complaint  1

For her Complaint against Defendants, Plaintiff alleges as follows:

## I. INTRODUCTION

1. This is an action for damages for excessive force, medical malpractice, battery, IIED and NIED,unreasonable search, Fourth And Eighth Amendment search and seizures perpetrated on or about January 27, 2023 by medical staff in the Columbia County Jail (CCJ) in St. Helens , Columbia County. On or about January 27, 2023, Plaintiff Tamara Fulmer ("Fulmer"), was an adult-in-custody (AIC) at the CCJ, when Nancy Ronan, DNP, conducted a painful and illegal search of plaintiff's anus and vagina, without warrant, court order or medical justification and wrongfully removing her IUD.This led to anal and vaginal blood, discharge and intense physical and emotional pain. Plaintiff was admitted to the CCJ on or about January 3 serving a sentence for driving while revoked and received new charges when she admitted January 8 to secreting prescription medications in her vagina. Staff proceeded to search and test her urine, and feces for 19 days. Hence she was both a sentenced and un-sentenced inmate on January 27 2023.

2. Plaintiff alleges federal claims pursuant to 42 USC § 1983, as guaranteed by the 14th Amendment to the U.S. Constitution for (1)Violation of his 4th Amendment rights to be free of excessive force and wrongful search and seizure of his person by RNs and MDs, and Eight Amendment violations.

3. Plaintiff alleges state claims of medical negligence, intentional infliction of emotional distress,

Complaint 2

negligent infliction of emotional distress and battery against Wellpath, LLC,, Marilyn Cade, RN, Nancy Ronan, DNP, Sara Foto, MH, RN McAderrn, Medical Director John/Jane Doe 1, Jahn/Jane Does. 2-5;

4. Plaintiff seeks awards of economic damages, non-economic damages, attorney fees and litigation expenses/costs against defendants.

5. Plaintiff also seeks an award of punitive damages against the individual defendants under federal law.

    II. JURISDICTION

6. This court has jurisdiction over plaintiff's claims by virtue of 28 USC §§ 1331, 1343, and 1367.

    III. PARTIES

7. Fulmer is an Oregon state resident.

8. Defendants are John/Jane Doe 1-5, John/Jane Doe 1 is the undisclosed County Medical Director of Columbia County (CC).   Brian Pixley was the Sheriff of CC, Wellpath, LLC, contracted for medical services with the County, Marilyn Cade , RN. RN McAdern, Nancy Ronan , Doctor of Nursing Practices (DNP), Sara Foto, MHP, John/Jane Does .  At all material times,  defendants were acting within the course and scope of their employment with Columbia County and Wellpath, LLC.

9. Defendant Columbia County is a local government agency.11. As a result of defendants' conduct, Fulmer suffered physical and emotional harm, as well as economic impacts.

Complaint  3

## IV. FIRST CLAIM FOR RELIEF

(Section 1983 - 4th Amendment Violation – Unreasonable Search and Seizure / Eight Amendment)

Count 1: County Monell Liability – Unconstitutional Training Policy

10. As applicable, plaintiff incorporates the above.

A.      As described above, CC and its staff violated Fulmer's rights to free from unreasonable search and seizure, and cruel and unusual punishment. Their conduct violated the Fourth and Eighth Amendment to the United States Constitution.

B.   Columbia County has a written or unwritten policy, custom, and/or practice of training their members to violate people's Fourth Amendment rights as described above regarding anal, vaginal searches and IUD removal and were deliberately indifferent to Fulmer's rights and caused or contributed to the cause of her injuries and the violation of the Fourth and Eighth Amendment to the United States Constitution.

Count 2: County Monell Liability – Ratification

11. As described above, Brian Pixley and John Doe 1 , Medical Director ratified defendant Ronan DNP's acts by supervisors who all had authority to supervise, ratify and direct her actions and their review and the basis for said acts, that is, CC and Wellpath policymakers knew of and specifically approved of the individual defendants' acts.

12. As a result of the above, plaintiff is entitled to an award of economic and non-economic damages as well as ordinary costs against defendants in amounts to be determined at trial.

13. As a result of the above, plaintiff is entitled to an award of punitive damages against CC in an amount to be determined at trial.

14. Fulmer is entitled to an award for her attorney fees and litigation expenses/costs against defendants pursuant to 42 USC § 1988.

## V. SECOND CLAIM FOR RELIEF

(Section 1983 - Fourth Amendment Violation – Excessive and Unreasonable Force)

Count 1: Individual Liability of Defendants Ronan, Cade, McAdern, John/Jane Does 2-5

15. As applicable, plaintiff incorporates the above.

16. As described above, Defendants Ronan, Cade, McAdern, John/Jane Does 2-5 violated Fulmer's right not to be subjected to unreasonable force causing injury. Their medical conduct included supervising authorizing, ratifying and conducting an unreasonable search of her anus and vagina and painful removal of her IUD which violated the Fourth an Eighth Amendment to the United States Constitution.

Count 2: Municipal and County Liability – Unconstitutional Training Policy

17. Columbia County has a written and/or unwritten policy, custom, and/or practice of training and allowing CCJ staff members to violate people's Fourth and Eighth Amendment rights as described above regarding conducting an unreasonable search of her anus and vagina and painful removal of her IUD. The CCJ was deliberately indifferent to Fulmer's rights and caused or contributed to the cause of her injuries and the violation of the Fourth and Eighth Amendment to the United States Constitution.

Count 3: Municipal and County Liability – Ratification

18. As described above, Brian Pixley, Sheriff and John Doe 1, Joh/Jane Doe 2-5 all with final policy-making authority ratified defendant Ronans' acts and the basis for said acts, that is, CC policymakers knew of and specifically approved of the individual defendants' acts.

19. As a result of the above, Fulmer is entitled to damages, costs and fees and all but punitive damages against Columbia County..

VI. THIRD CLAIM FOR RELIEF

(Section 1983 – Fourteenth Amendment Violation – Unreasonable Conduct and/or Conduct Which Is Arbitrary, Deliberately Indifferent and/or Shocks the Conscience)

20. As applicable, plaintiff incorporates the above.

21. As described above, Ronan, DNP, John Doe 1 and all medical staff violated Taylor's Fourteenth Amendment rights because their conduct was unreasonable and/or arbitrary, deliberately indifferent and/or shocking to the conscience.

22. As a result of the above, Fulmer's is entitled to damages, costs and fees.

VII. FOURTH CLAIM FOR RELIEF

State Claim

Medical Negligence23. The conduct of the illegal anal and vaginal searches, and IUD removal by Ronan was tortious and she had a duty to the plaintiff she breached

that duty and a resulting harm accrued to the plaintiff measurable in damages; and there was a causal link between the breach of duty and the harm.

### VIII. FIFTH CLAIM FOR RELIEF

    State Claim

    Battery

24. The illegal anal and vaginal searches, and IUD removal by Ronan was intended to cause harmful and offensive sexual and intimate contact with plaintiff and her actions indeed caused harmful and offensive contact with plaintiff.

### IX. SIXTH CLAIM FOR RELIEF

    State Claim

    Intentional Infliction of Emotional Distress

25. The illegal anal and vaginal searches, and IUD removal constituted the intentional infliction of emotional distress as defendant Ronan, DNP intended to inflict severe mental or emotional distress and that emotional distress was substantially certain to result from her conduct, her actions in fact caused severe mental and emotional distress in her and her actions consisted of an "extraordinary transgression of the bounds of socially tolerable conduct." Sara Foto, MHP failed to counsel and help Fulmer to contact PRE staff with her complaint and this constituted the intentional infliction of emotional distress.

X. SEVENTH CLAIM FOR RELIEF

    State Claim

Negligent Infliction of Emotional Distress

26. In the alternative, the illegal anal and vaginal searches, and IUD removal constituted the negligent infliction of emotional distress as defendant Ronan, DNP intended to inflict severe mental or emotional distress and that emotional distress was substantially certain to result from her conduct, her actions in fact caused severe mental and emotional distress in her and her actions consisted of an "extraordinary transgression of the bounds of socially tolerable conduct." In the alternative, Sara Foto, MHP failed to counsel and help Fulmer to contact PREA staff with her complaint and this constituted the negligent infliction of emotional distress.

WHEREFORE, plaintiff prays for relief from the Court as follows:

    1.    Assume jurisdiction in this matter over plaintiff's claims;

    2.    Award plaintiff economic and non-economic damages against defendants in amounts to be determined at trial in accordance with the allegations set forth above;

3. Award plaintiff punitive damages against the individual defendants to Fulmer in an amount to be determined at trial in accordance with the allegations set forth above;

4. Award plaintiff her attorney fees and litigation expenses/costs against defendants

in accordance with the allegations set forth above; and

5. Grant such other relief as may be just and proper.

 PLAINTIFF DEMANDS A JURY TRIAL.


Dated this 20th of January, 2025.


Respectfully Submitted,

<u>S//S Leonard R. Berman</u>
LeonardR. Berman, OSB #96040
Easyrabbi@yahoo.com
Attorney for Plaintiff

Complaint  9